[NOT FOR PUBLICATION–NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 00-2482

STEVEN MUSONE,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ernest C. Torres, U.S. District Judge]

---

Before

Torruella, Circuit Judge,
Campbell and Stahl, Senior Circuit Judges.

---

Steven Musone on brief pro se.
Margaret E. Curran, United States Attorney, Donald C. Lockhart and Gerard B. Sullivan, Assistant United States Attorneys, on brief for appellee.

---

**October 3, 2001**

---

**Per Curiam**. The district court issued a certificate of appealability to Mr. Musone limited to the question of whether he received effective assistance of counsel at his sentencing. The claim of ineffective assistance rests solely on defense counsel's failure to raise a double jeopardy argument. Mr. Musone contends that because his sentence under the United States Sentencing Guidelines was determined with reference to the guidelines for arson, the imposition of the statutory enhancement for use-of-fire in the commission of a felony, under 18 U.S.C. § 844(h), constitutes multiple punishment for the same offense, a result not intended by Congress.

Mr. Musone was convicted on six counts, including one of conspiracy to commit arson and mail fraud. The federal appellate courts that have addressed the issue agree that conspiracy to commit arson is not the same offense as use-of-fire in the commission of a felony. Under the Guidelines, Mr. Musone's sentence on the arson-related group of charges was properly based on the offense level of the substantive offense of arson. Congress has provided a mandatory enhancement under § 844(h) for the use of fire in the commission of a felony and the courts have no power to disregard it. The fact that Mr. Musone committed arson as

well as other offenses does not insulate him from punishment for the separate offenses of conspiracy and use-of-fire to commit a felony. Defense counsel's decision not to raise an argument not supported by the law of this or any other court of appeals does not constitute deficient representation under <u>Strickland</u> v. <u>Washington</u>, 466 U.S. 668 (1984). The judgment denying the petition brought under 28 U.S.C. § 2255 is <u>affirmed</u>.